United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANI OSIEL MUY ELIAS,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 3:26-cv-08313-JSC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, who is originally from Guatemala, entered the United States as an unaccompanied minor in 2022 fleeing years of domestic abuse at the hands of his mother's domestic partner. Upon arrival, he turned himself into immigration authorities and spent nearly two months in a shelter. He was released to his aunt after the government determined that he was neither a danger to the community nor a flight risk. Petitioner has since reunited with his mother, works full-time at a Korean restaurant, hopes to attend culinary school, and has no criminal history.

On August 10, 2026, Petitioner stepped outside of his home at 7:30 a.m. and was arrested, handcuffed, and placed in an SUV by Immigration and Customs Enforcement Officers. Petitioner, through counsel, filed the underlying petition for writ of habeas corpus and a motion for a temporary restraining order the same day. (Dkt. Nos. 1, 3.[1]) The Court granted his motion for a TRO and subsequently granted his motion for a preliminary injunction concluding Petitioner had established, at a minimum, serious legal questions on the merits of his procedural due process claim. (Dkt. Nos. 5, 7.) Respondents are currently enjoined from re-detaining Petitioner without

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

"notice and a pre-detention hearing during which a neutral decisionmaker must consider whether Petitioner is either a danger to the community or flight risk such that his physical custody is required." (Dkt. No. 10 at 7.)

The Court directed the parties to meet and confer regarding disposition of the habeas petition. (*Id.*) Respondents submitted a statement "acknowledg[ing] that the reasoning in this Court's earlier decision in this case would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the habeas petition" and agreeing the Court can decide the Petition without further briefing.[2] (Dkt. No. 12 at 2.)

The Court thus affirms the findings and conclusions in its preliminary injunctive relief order and GRANTS habeas relief to Petitioner. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and a pre-detention hearing during which a neutral decisionmaker must consider whether Petitioner is either a danger to the community or flight risk such that his physical custody is required.

The Court will enter separate judgment.

**IT IS SO ORDERED.**

Dated: September 11, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge

[2] Petitioner has not submitted a response.